UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br><br>   Plaintiff,<br><br> v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>   Defendants. | Case No. 5:24-cv-02202-EJD<br><br>**ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION REGARDING IMPROPER JOINDER; DENYING MOTION TO FURNISH SECURITY; TERMINATING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 12, 15, 16, 33, 39, 54, 55, 56 |

Pro se Plaintiff, Mazen Arakji ("Arakji"), filed suit against Defendants Abbott Laboratories ("Abbott"), Amazon, Apple Inc. ("Apple"), and Intel Corporation ("Intel") (collectively, "Defendants") alleging employment discrimination based on disability, ancestry, religion, and ethnicity pursuant to the Americans with Disabilities Act ("ADA"), the California Fair Employment and Housing Act ("FEHA"), Title VII, 42 U.S.C. § 2000e2(a) ("Title VII"), and 42 U.S. Code § 1981. *See* Compl., ECF No. 43.[1]

Before the Court are three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Apple, Intel, and Abbott; one motion to dismiss for improper joinder filed by Intel; one motion for an order requiring Arakji to furnish security filed by Abbott; and four motions for summary judgment against all four Defendants filed by Arakji. Apple MTD, ECF No. 12; Intel MTD, ECF No. 15; Intel MTD re Improper Joinder, ECF No. 16; Abbott MTD and Mot. to Furnish Security, ECF No. 39; MSJ re Amazon, ECF No. 33; MSJ re Abbott, ECF No. 54; MSJ re Apple, ECF No. 55; MSJ re Intel, ECF No. 56. All motions are fully briefed.

---

[1] *See infra* Section II.A. for discussion regarding the Complaint filed at ECF No. 43.

Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS

1

Upon careful consideration of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-9(b). For the reasons explained below, the Court **GRANTS** Apple, Intel, and Abbott's motions to dismiss pursuant to Rule 12(b)(6), **DENIES** Abbott's motion for an order requiring Arakji furnish security, and **TERMINATES AS MOOT** Arakji's motions for summary judgment.

I.   **BACKGROUND**

Arakji alleges that Defendants refused to hire him on multiple occasions because he has a visible musculoskeletal disability in his left hand, his name is known to be an Arabic and Muslim name, his national origin is Lebanese, and he has Arabic ancestry and ethnic characteristics. Compl. ¶ 1.

Arakji earned a bachelor's degree in electrical and computer engineering and a master's degree in computer engineering from the University of Colorado Boulder, scoring high grades in each. *Id.* ¶ 2. In addition to his degrees, Arakji furthered his education with an embedded systems engineering certificate, android development course, iOS development course, and other courses offered by the U.C. Irvine, U.C. San Diego, U.C. Berkeley, Stanford University, and EIT Digital. *Id.* ¶ 3. Arakji also holds certifications in areas including embedded system design and software engineering. *Id.* ¶ 4. Arakji once worked for Microsystems (now Oracle) where he was quickly promoted and selected to participate in a program designed for individuals with a high potential to excel. *Id.* ¶ 5. Arakji also developed various Android and iOS applications for other companies in a short period of time. *Id.*

However, since 2011, Arakji has applied to thousands of jobs, including jobs with Abbott, Amazon, Apple, and Intel, but he has been unable to receive employment. *Id.* ¶ 6. As to each Defendant, Arakji alleges the following:

Abbott

Arakji has been applying to Abbott since 2018. *Id.* ¶ 8. Arakji provided information to Abbott regarding his disability during the application process. *Id.* ¶ 10. Despite being qualified, Abbott never hired Arakji. *Id.* ¶ 8. Arakji received his most recent rejection notice from Abbott

Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS
2

on September 7, 2023. *Id.* ¶ 8. In Abbott's rejection notices, Abbott states that it considered his application, but the interview process was very competitive, and another candidate was selected. *Id.* ¶ 9. However, Arakji alleges that the positions remained open, and Abbott continued to seek applicants. *Id.* ¶ 11. Arakji obtained a right-to-sue notice for claims against Abbott from the U.S. Equal Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") on January 16, 2024. *Id.* ¶¶ 13, 16, 22.

### Amazon[2]

Arakji applied to over 100 positions at Amazon and interviewed with Amazon twice since 2016. *Id.* ¶ 25. Arakji provided information to Amazon regarding his disability during the application process. *Id.* ¶ 26. Despite being qualified, Amazon never hired Arakji. *Id.* ¶ 24. Arakji's most recent application has been stuck in processing since January 8, 2021, so Arakji concluded that it is equivalent to a rejection. *Id.* ¶ 24. Arakji alleges that the positions he applied for remain open. *Id.* ¶ 27. Arakji obtained a right-to-sue notice for claims against Amazon from the EEOC and DFEH on January 22, 2024. *Id.* ¶¶ 29, 32, 35, 38.

### Apple

Arakji applied to over 200 positions at Apple and interviewed with Apple three times since 2012. *Id.* ¶¶ 40, 41. Arakji provided information to Apple regarding his disability during the application process. *Id.* ¶ 42. Despite being qualified, Apple never hired Arakji. *Id.* ¶ 40. Arakji received his most recent rejection notice from Apple on August 7, 2023. *Id.* Arakji obtained a right-to-sue notice for claims against Apple from the EEOC and DFEH on January 23, 2024. *Id.* ¶¶ 45, 48, 51, 54.

### Intel

Arakji applied to over 75 jobs at Intel since 2011. *Id.* ¶¶ 56, 57. Arakji provided information to Intel regarding his disability during the application process. *Id.* ¶ 58. Despite being qualified, Intel never hired Arakji. *Id.* ¶ 56. Arakji received his most recent rejection from

---

[2] While Amazon did not file a motion to dismiss, *see* Answer, ECF No. 7, facts regarding Amazon are relevant to the Court's analysis below regarding improper joinder.

Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS
3

1  Intel on April 5, 2023. *Id.* In Intel's rejection letters, Intel claims to have completed assessment
2  of all potential applicants and decided not to move forward with Arakji's application. *Id.* ¶ 57.
3  Arakji obtained a right-to-sue notice for claims against Intel from the EEOC and DFEH on
4  January 23, 2024. *Id.* ¶¶ 61, 64, 67, 70.

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S at 664. The court also must construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

1  pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d
2  1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted)

## III. DISCUSSION

### A. Procedural Issues

As an initial matter, the Court will first address Arakji's June 20, 2024, filing titled "Complaint Correction of Docket #1." ECF No. 43.

Arakji initiated this action on April 12, 2024. *See* Original Compl., ECF No. 1. On May 15, 2024, Amazon filed its Answer and Apple and Intel filed their motions to dismiss. ECF Nos. 7, 12, 15, 16. After receiving an extension of time, Abbott filed its motion for an order requiring Arakji to furnish security and motion to dismiss on June 5, 2024. ECF No. 39.

While the parties briefed these motions, Arakji filed a document titled "Complaint Correction of Docket #1" on June 20, 2024. ECF No. 43. The next day, the Clerk's Office entered a docket entry informing Arakji that he filed this document incorrectly and must re-file the document as an "Amended Complaint." Arakji did not re-file the document.

On July 5, 2024, Abbott filed a document titled "Supplemental Arguments re Motion for Plaintiff to Furnish Security for an Order to Dismiss, and Response re Amended Complaint." ECF No. 62. Abbott once again argued that the Court should require Arakji to furnish security.[3] *Id.* Abbott also requested that the Court still consider its motion to dismiss despite the new amended complaint. *Id.* Arakji responded to Abbott's filing on July 19, 2024, and informed the Court that he did not intend to file an amended complaint. ECF No. 69. Instead, Arakji attempted to correct paragraph 56, which had previously been identical to paragraph 8. *Id.*

---

[3] Pursuant to Local Rule 7-3(d), once a reply is filed, no additional memoranda, papers, or letters may be filed without prior Court approval except objections to evidence in the reply or notice of new judicial opinions. Here, Abbott filed supplemental arguments to its motion for Arakji to furnish security without leave after Arakji filed his reply and after the Court took Abbott's motion under submission. *See* ECF Nos. 53, 60. Therefore, the Court will not consider Abbott's improperly filed supplemental arguments regarding its motion for Arakji to furnish security. The Court will, however, consider Abbott's arguments regarding the corrected complaint pursuant to Federal Rule of Civil Procedure 12. Moving forward, the Court cautions the parties to adhere to all Local and Federal Rules of Civil Procedure, as well as the Court's Standing Order.

Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS

1    The Court accepts Arakji's representation that he did not intend to file an amended

2 complaint that supersedes his original complaint.  Considering Arakji's status as a pro se litigant

3 and the minor modification to the complaint, the Court will exercise procedural leniency and treat

4 Arakji's filing as merely an Errata bearing no impact on the pending motions to dismiss.

5    **B.    Motions to Dismiss Pursuant to Rule 12(b)(6)**

6    Moving to Apple, Intel, and Abbott's motions to dismiss, the Complaint alleges that

7 Defendants discriminated against Arakji based on ancestry and ethnic characteristics, national

8 origin, religion, and disability in violation of the ADA, FEHA, Title VII, and 42 U.S. Code §

9 1981.[4]

10    In examining discrimination-based employment claims under these federal and California

11 state laws, courts generally apply the burden-shifting framework from *McDonnell Douglas Corp.*

12 *v. Green*, 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S.

13 604, 113 (1993).  *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (Cal. 2000) ("California has

14 adopted the three-stage burden-shifting test established by [*McDonnel*] for trying claims of

15 discrimination based on a theory of disparate treatment.").  The *McDonnell* test places the initial

16 burden to establish a prima facie case of discrimination on the plaintiff.  While the elements of a

17 prima facie case vary depending on the facts, a plaintiff generally must prove that "(1) he was a

18 member of a protected class, (2) he was qualified for the position he sought or was performing

19 competently in the position he held, (3) he suffered an adverse employment action, such as

20 termination, demotion, or denial of an available job, and (4) some other circumstance suggests

21 discriminatory motive." *Id.*

22    Under Title VII, FEHA, and Title I of the ADA, an employee-plaintiff alleging

23 discrimination must also exhaust her administrative remedies prior to bringing a civil action in

24 court by filing a timely charge with the appropriate administrative agency.  *Lyons v. England*, 307

---

[4] While Plaintiff indicated in the introduction of his Complaint that he asserts a claim for intentional infliction of emotional distress ("IIED"), Compl., at 2, IIED is not mentioned again in any of his claims for relief or in the remainder of the Complaint.  Therefore, the Court does not consider Plaintiff to have pled a claim for IIED.

Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS
6

F.3d 1092, 1104 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim."); *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (Cal. 1995) ("[I]n the context of the FEHA, exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts."); *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) ("Title I requires an employee first to file a charge with the EEOC in a timely manner."). For Title VII and ADA claims, this means that an employee must first file a complaint with the EEOC, and for FEHA claims, it means an employee must first file a complaint with the DFEH (now known as the California Civil Rights Department). *Lelaind v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1090 (N.D. Cal. 2008). The scope of a subsequent civil action is confined by the scope of the administrative complaint. Accordingly, "unlawful conduct not included in an administrative complaint is not considered by a court unless the conduct is like or reasonably related to the allegations in the administrative complaint, or can reasonably be expected to grow out of an administrative investigation." *Id.*; *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–100 (9th Cir. 2002).

Here, the Court finds that Arakji failed to plead facts sufficient to state a prima facie employment discrimination claim for three primary reasons.

First, Arakji failed to allege the facts necessary to provide Apple, Intel, and Abbott notice of Arakji's claims. Arakji broadly alleges that he applied for an unknown amount of unidentified positions at Abbott "since 2018"; applied to "over 200" unidentified positions at Apple and interviewed with Apple three times "since 2012"; and applied to "over 75" unidentified positions at Intel "since 2011." Compl. ¶¶ 8, 40, 41, 56, 57. The Complaint fails to allege essential facts including which positions Arakji applied for, when Arakji applied for each position, and when Defendants rejected each of Arakji's applications. As pled, the Court cannot discern whether Arakji applied for positions in California that fit his qualifications, or whether Arakji incurred any injury within the applicable statute of limitations. Arakji also vaguely alleges that he informed Defendants of his disability during the application process, but Arakji omits essential facts

1    including how and when he informed Defendants of his disability. *See id.* ¶¶ 10, 26, 42, 58. Even

2    under the liberal pleading standards for pro se litigants, these facts are insufficient to meet Arakji's

3    notice pleading standard under Rule 8.

4          Second, Arakji failed to allege any facts to show a reasonable likelihood of bias, such as

5    allegations that similarly situated individuals were treated more favorably and facts to support

6    those allegations. Merely alleging that he is a member of a protected class and did not receive

7    employment offers from Defendants despite being qualified is insufficient on its own to allege

8    employment discrimination. While Arakji is not required to allege facts to show direct evidence

9    of intentional discrimination, Arakji is still required to allege facts upon which the Court can infer

10   that Defendants failed to hire Arakji based on his membership in a protected class.

11         Third, Arakji failed to sufficiently allege that he exhausted his administrative remedies for

12   his Title VII, ADA, and FEHA claims. While Arakji alleged that he received right-to-sue notices

13   for all Defendants from EEOC and DFEH in January 2024, he failed to allege the contents of the

14   charges he filed with the administrative agencies or attach copies of the charges filed to his

15   Complaint. *See id.* ¶¶ 13, 16, 22, 29, 32, 35, 38, 45, 48, 51, 54, 61, 64, 67, 70. Without this

16   information, the Court cannot determine whether the allegations in the Complaint fall within the

17   scope of the allegations in the charges filed for administrative relief.

18         Therefore, the Court **GRANTS** Apple, Intel, and Abbott's motions to dismiss pursuant to

19   Rule 12(b)(6). Because the Court cannot determine at this time whether the addition of new facts

20   could possibly cure the Complaint's deficiencies, the Court will provide Arakji an opportunity to

21   file an amended complaint if he wishes. *Lopez*, 203 F.3d at 1127.

22         **C.**     **Motion to Dismiss for Improper Joinder**

23         Intel also filed a motion to dismiss the claims against Intel without prejudice for improper

24   joinder. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just

25   terms, add or drop a party. The court may also sever any claim against a party." Rule 21 does not

26   provide any standard to determine if parties are improperly joined, so courts look to Rules 19 and

27   20 for guidance. *See Pam Am World Airways, Inc. v. United States Dist. Ct. for Cent. Dist. of*

28   Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS

*Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975). Rule 19 provides that joinder of a party is *required* if, among other requirements, (1) "the court cannot accord complete relief among existing parties" without the party's presence, or (2) disposing of the action in the party's absence may "impair or impede the person's ability to protect their interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). (1). Rule 20 provides that joinder is *permissible* if (1) "any right to relief is asserted against [the parties] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." *Id.* Rule 20(a).

Here, the Court finds that joinder of all four Defendants is improper. Arakji does not allege any joint or collective action between the four Defendants. Instead, Arakji alleges that he submitted separate applications of employment at separate times to each Defendant for separate jobs, and that the four Defendants separately failed to hire him. These allegations are insufficient to establish mandatory or permissive joinder under Rules 19 and 20. *See, e.g., AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998–99 (D.C. Cir. 2014) ("Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.").

Therefore, the Court **GRANTS** Intel's motion to drop Intel from this case without prejudice due to improper joinder. The Court also drops Amazon and Apple from this case without prejudice pursuant to its authority under Rule 21. Fed. Rule Civ. P. 21 ("On motion *or on its own*, the court may at any time, on just terms, add or drop a party.") (emphasis added).

If Arakji chooses to file an amended complaint to cure the deficiencies identified above, Arakji must file three new, separate lawsuits against Amazon, Apple, and Intel. Arakji may still, however, file an amended complaint against Abbott under the current case number. *See Prout v. E.E.O.C.*, Case No. 23-CV-2105 JLS, 2024 WL 1705955, at *5 (S.D. Cal. April 18, 2024) ("In most [] cases, courts can 'dismiss all but the first named [defendant] without prejudice to the institution of new, separate lawsuits' against the dropped defendants.") (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)).

### D. Motion to Furnish Security

Abbott also filed a request that the Court order Arakji to furnish security on the grounds that the Santa Clara Superior Court found Arakji to be a vexatious litigant in *Mazen Arakji v. Flextronics International USA*, Case No. 21CV381755. *See* Abbott MTD and Mot. to Furnish Security. In support, Abbott cites to Local Rule 65.1-1(a), which states that the Court may require any party to furnish security for costs "where authorized by law and for good cause shown." Abbott argues that California Code of Civil Procedure section 391 provides the Court authority to require security here, which provides that "[i]n any litigation pending in any court of this state," a defendant may move for an order for the plaintiff to furnish security on the ground that the plaintiff is a vexatious litigant and there is no probability the plaintiff will prevail. Cal. Code Civ. P. §§ 391–391.1. Abbott also argues that the Court can require a plaintiff to furnish security under its inherent authority. Abbott MTD and Mot. to Furnish Security 5–6 (citing *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987)).

In the event that Arakji files any amended complaint against Abbott in this case, the Court will not require that Arakji furnish security at this time. "Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant." *Smith v. Officer Sergent*, No. 215CV0979GEBDBP, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used.")). While California law defines a vexatious litigant as one who has filed at least five litigations in state court that have been finally determined adversely to the person in the seven years preceding, Cal. Code Civ. P. § 391, under federal law, "the criteria under which a litigant may be found vexatious is much narrower." *Goolsby v. Gonzales*, No. 1:11-CV-00394-LJO, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted*, No. 1:11-CV-00394-LJO-GS, 2014 WL 3529998 (E.D. Cal. July 15, 2014). While the Santa Clara Superior Court declared Arakji a vexatious litigant because he filed at least five litigations in state court that

1    were finally determined adversely to him, Arakji has not been declared a vexatious litigant in this
2    federal Court.  As such, the procedure to require a vexatious litigant to furnish security in
3    California state courts has no bearing on the Court's ability to require Arakji to furnish security
4    here.[5]  The Court also notes that Abbott failed to cite a case where any federal court required that a
5    plaintiff appearing before it for the first time furnish security because a state court found that
6    plaintiff vexatious in a similar case, and the Court declines Abbott's invitation to be the first.  The
7    Court's inherent authority does not extend this far.  *See, e.g, Trophy Prods. v. Sperling*, 17 F.R.D.
8    416, 419–20 (S.D. Cal. 1955) (holding that district court had no power to require plaintiff to
9    furnish security for costs in absence of federal statute, rule, or precedent).

    Therefore, the Court **DENIES** Abbott's motion for an order requiring Arakji to furnish
    security at this time.[6]

### E.    Motions for Summary Judgment

Because the Court granted Defendants' motions to dismiss the Complaint, the Court **TERMINATES AS MOOT** Arakji's four motions for summary judgment.

However, should Arakji file an amended complaint against Abbott in this case, the Court notes that motions for summary judgment submitted before answers are filed or discovery is conducted, such as Arakji's motions here, are routinely denied as premature.  *See, e.g., Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir.1982) (finding summary judgment prior to adequate discovery premature); Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)) ("Although [Federal Rule of Civil Procedure 56] allows a motion  for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other

---

[5] For these same reasons, the Court finds it unnecessary to rule on Abbott's request for the Court to take judicial notice of Arakji's other litigations in California state courts at this time.  *See* Req. for Judicial Notice, ECF No. 39-3.  If, however, Arakji's litigation history becomes relevant at another time, Abbott may renew its request for judicial notice.

[6] Abbott may renew its request for an order requiring Arakji to furnish security should circumstances change throughout the course of this litigation and proper grounds for furnishing security arise.

1    pretrial proceedings have been had.").

2    **IV.   CONCLUSION**

3    Based on the foregoing, the Court **GRANTS** the motions to dismiss without prejudice,

4    **DENIES** the motion for Arakji to furnish security, and **TERMINATES AS MOOT** Arakji's

5    motions for summary judgment.

6    If Arakji would like to file an amended complaint against Abbott, Arakji may file his

7    amended complaint under the current case number by **October 24, 2024**.  Arakji is not permitted

8    to file an amended complaint against Amazon, Apple, or Intel under the current case number.  If

9    Arakji would like to file an amended complaint against Amazon, Apple, or Intel, Arakji must open

10   a new case for each Defendant.

11   The Court encourages Arakji to contact the Federal Pro Se Program, a free program that

12   offers limited legal services and advice to parties who are representing themselves.  Help is

13   provided by appointment and on a drop-in basis. The program is located in the United States

14   Courthouse at 280 South 1st Street in San Jose, and parties may make appointments by calling

15   408-297-1480.  Parties may also access the court's Handbook for Pro Se Litigants, available at

16   https://cand.uscourts.gov/pro-se-litigants/ or from the Clerk's Office.  Additional information

17   regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

18   The court also provides a free guide, "Representing Yourself in Federal Court: A

19   Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of

20   the case, including discovery, motions and trial.  This guide can be accessed on the court's website

21   or in hard copy free of charge from the Clerk's Office.

22   **IT IS SO ORDERED.**

23   Dated: September 26, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-02202-EJD
ORDER GRANTING MTDS; DEN. MOT. TO FURNISH SECURITY; TERMINATING MSJS
12